# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Case No. 05 cv 1085 RHK/JSM

Points.com Inc.,

                Plaintiff,

**COMPLAINT**

vs.

OurVacationStore.com, Inc.,

                Defendant.

---

Plaintiff, Points.com Inc., for its Complaint against OurVacationStore.com, Inc., states and alleges as follows:

## INTRODUCTION

1. This is a breach of contract action in which Plaintiff, Points.com Inc. ("Points"), seeks a judgment against Defendant, OurVacationStore.com, Inc. ("OVS"), for its breach of contract and seeks damages for the loss and/or specific performance.

## PARTIES

2. At all times material to this action, Points is a Canadian corporation with its principal place of business in Toronto Canada.

3. Effective April 1, 2004, MilePoint, Inc. ("MilePoint") assigned all interest, right and title of the Joint Marketing and Licensing Agreement ("Agreement") dated October 16, 2002, between MilePoint and OVS to Points.

4. At all times material to this action, MilePoint was and is a Delaware corporation with its principal place of business in Minneapolis, Minnesota.

5. At all times material to this action, OVS is an Arizona corporation with its principal place of business in Phoenix, Arizona.

SCANNED
JUN 0 3 2005
U.S. DISTRICT COURT ST. PAUL

## VENUE

6. Pursuant to Section 8.6 of the Joint Marketing and Licensing Agreement between MilePoint and OVS, the parties contractually agreed to the exclusive jurisdiction and venue of the United States District Court for the District of Minnesota.

7. That pursuant to 28 U.S.C. § 1332, there is diversity jurisdiction between the parties.

## BACKGROUND

8. MilePoint and OVS entered into a Joint Marketing and Licensing Agreement ("Agreement") on October 16, 2002.

9. Effective April 1, 2004, MilePoint sold substantially all of their assets to Points.com, including but not limited to all interest, right and title of the Joint Marketing and Licensing Agreement ("Agreement") dated October 16, 2002, between MilePoint and OVS to Points. Thereafter, Points acknowledged this assignment, even though no notice of assignment of the Agreement was necessary.

10. Pursuant to the terms of the Agreement, in exchange for the use of certain software and trademarks of MilePoint, among other things, OVS was required to make payments to MilePoint of at least $20,000.00 per month for license fees. Additional payments were also required pursuant to the Payment Terms, all as more fully defined on Exhibit C of the Joint Marketing and Licensing Agreement.

11. Before and after the assignment of the Agreement effective April 1, 2004, MilePoint and OVS complied with their respective obligations as set forth in the Joint Marketing and Licensing Agreement up through approximately October of 2004 when OVS suddenly, and without any prior notice, alleged that MilePoint had failed to "live up

to their ongoing contractual obligations", advised MilePoint that OVS considered MilePoint's conduct to be a default, and that, in essence, OVS would no longer comply with its payment obligations under the Contract. This first notice was given pursuant to a letter dated October 11, 2004, from Dietmar Hanke directed to Mark Lacek.

12. On October 22, 2004, Christopher Barnard, on behalf of Points International Ltd., as successor-in-interest to MilePoint pursuant to the assignment of the Agreement effective April 1, 2004, submitted a letter to Mr. Hanke advising him that MilePoint had not breached its agreement and that if OVS failed to make payments as required by the Licensing Agreement, that OVS would be in default. This letter asked OVS to reconsider its position so as to avoid the need for Points to file suit. To date, OVS has refused to make payments as required by the Joint Marketing and Licensing Agreement, yet continues to utilize for commercial purposes, the intellectual property of MilePoint, now owned by Points.

13. As a result of OVS's refusal to make payment pursuant to the terms and provisions of the Joint Marketing and Licensing Agreement, Points has sustained, or will sustain in the future, significant losses which total over $750,000.00 for the term of the contract, along with additional expenses that it will incur in pursuit of this claim in attorneys fees, costs and disbursements.

## COUNT I

## BREACH OF CONTRACT

14. Plaintiff, Points, realleges and incorporates Paragraphs 1 through 13 herein by reference.

15. As a result of OVS's refusal to make payments pursuant to the terms of the Joint Marketing and Licensing Agreement, OVS is in breach of its contract.

16. As a direct and proximate result of OVS's breach of contract, Points has incurred damages in an amount substantially in excess of $750,000.00.

## COUNT II

## SPECIFIC PERFORMANCE

17. Plaintiff, Points, realleges and incorporates Paragraph 1 through 16 herein by reference.

18. OVS's failure and/or refusal to make payments pursuant to the terms of the Joint Marketing and Licensing Agreement constitute breach of contract.

19. As a direct and proximate result of the breach of contract, Points is entitled to specific performance of the contract, requiring OVS to comply with its payment terms as set forth in the Licensing Agreement.

## COUNT III

## QUANTUM MERUIT AND UNJUST ENRICHMENT

20. Plaintiff, Points, realleges and incorporates Paragraph 1 through 19 herein by reference.

21. Based upon information and belief, OVS has continued to use MilePoint intellectual property, now owned by Points, as allowed only pursuant to the terms of the Agreement and as a result, has received a benefit and/or revenues, without making any payment for such use of the MilePoint property and without permission to use such property other than through and by the terms of the Agreement.

22.     That as a result of OVS's breach of the Joint Marketing and Licensing Agreement, OVS's use of the property now owned by Points for OVS's benefit has established a benefit to OVS by way of revenues or intangible benefits for which OVS has not made and has refused to make, payments to Points.

23.     As a result of OVS's conduct, Points is entitled to damages in an amount in excess of $75,000.00, based upon equitable remedies of quantum meruit and/or unjust enrichment.

WHEREFORE, Points demands judgment against OVS in an amount in excess of $750,000.00, or in the alternative, specific performance requiring OVS to comply with the terms and conditions of the Licensing Agreement, as well as its attorney fees, costs and disbursements incurred herein, and such other and further relief as the Court may deem just and equitable.

DATED: 6/2/05

MURNANE, CONLIN, WHITE & BRANDT
PROFESSIONAL ASSOCIATION

Daniel A. Haws #193501
Attorneys for Plaintiff
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(651) 227-9411

637316

# MURNANE CONLIN WHITE & BRANDT
*Professional Association*

June 3, 2005                                                                    **_Reply to St. Paul_**

CLERK OF COURT
UNITED STATES DISTRICT COURT
708 FEDERAL BUILDING
316 NORTH ROBERT STREET
ST PAUL MN  55101

Re:   Points.com v. OurVacationStore.com, Inc.
      Our File No. 54696

**DELIVERED BY MESSENGER**

Dear Sir or Madam:

Enclosed for filing, regarding the above matter, please find the following:

1. Complaint;
2. Civil Cover Sheet; and
3. Filing fee in the amount of $250.00.

Sincerely,

Daniel A. Haws
dhaws@murnane.com
DAH/veb/655729
Enclosures

ATTORNEYS AT LAW
Robert W. Murnane
John E. Brandt*
Steven J. Kirsch
Andrew T. Shern
Michael S. Ryan*
C. Todd Koebele
Michael P. Tierney
Daniel A. Haws*
William L. Moran
Thomas A. Gilligan, Jr.*
Thomas J. Norby
Peter B. Tiede*
Stacy Ertz*
Michelle D. Christensen**
Anissa M. Mediger***
Cheryl L. Hanson*
Edward E. Beckmann*
Stephen W. Hance
Kathryn R. Downey
Timothy J. Peters
Kelly S. Hadac
Christopher G. Angell
Anthony T. Smith
Debra A. Filteau
Nicholas J. O'Connell
Ryan J. Wartick
Melanie P. Persellin****

*Also admitted in Wisconsin
**Also admitted in Missouri
***Also admitted in Nevada
****Also admitted in Illinois

OF COUNSEL

Thomas M. Conlin*
Daniel J. Young

St. Paul Office

444 Cedar Street, Suite 1800
Saint Paul, MN 55101
Phone: 651.227.9411
Fax: 651.223.5199

Wisconsin Office

539 South Knowles Avenue
New Richmond, WI 54017
Phone: 715.246.3910

www.murnane.com